IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELI R. STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-9950 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF UNIVERSITY PARK, | ) | Judge Samuel Der-Yeghiayan |
| ILLINOIS and UNIVERSITY PARK | ) | |
| POLICE OFFICER D. STROUD, | ) | Magistrate Judge Finnegan |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants, Village of University Park and Darrell Stroud, by and through their attorneys, Elisha S. Rosenblum and Bhairav Radia, for their answer and affirmative defenses to plaintiff's complaint, state as follows:

1.  This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

**ANSWER:** Defendants admit this is a civil action purportedly arising under 43 U.S.C. § 1983 and the court has jurisdiction.

2.  Plaintiff Keli R. Stephenson is a resident of the Northern District of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in this paragraph.

3.  Defendant Village of University Park, Illinois is an Illinois municipal corporation.

**ANSWER:** Defendants admit the allegation contained in this paragraph.

4. Defendant University Park Police Officer D. Stroud was, at all times relevant, acting under color of, and within the scope of, his employment as a police officer. Plaintiff sues Stroud in his individual capacity.

**ANSWER: Defendants admit the allegations in this paragraph, but deny any wrongdoing.**

5. On January 21, 2012, plaintiff's thirteen year old daughter complained to the University Park Police Department that her mother was being beaten by her father.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in this paragraph.**

6. Shortly thereafter, in the early morning hours of January 22, 2012, defendant Stroud investigated the above referred report of domestic violence by detaining plaintiff at the University Park Police Station for about six hours.

**ANSWER: Defendants admit that in the early morning hours of January 22, 2012, defendant Stroud investigated a report of a domestic disturbance or violence at 506 Farm View Road, University Park, Illinois, 60466. Defendants deny the remaining allegations contained in this paragraph.**

7. At all times relevant, Stroud knew that plaintiff was the victim of a domestic battery.

**ANSWER: Defendants deny the allegation contained in this paragraph.**

8. Defendant Stroud did not have a lawful basis to detain plaintiff and thereby deprived her of rights secured by the Fourth Amendment.

**ANSWER: Defendants deny that defendant Stroud detained plaintiff; and, by implication, deny the allegations contained in this paragraph.**

9. On January 22, 2012, after plaintiff had been allowed to leave the police station, defendant Stroud, acting within the scope of his employment as a University

Park Police Officer, prepared an ordinance violation complaint against plaintiff. Stroud alleged in that complaint that plaintiff had violated an ordinance of the Village of University Park because her minor daughter had make the complaint referred to in paragraph 5 above.

**ANSWER: Defendants admit that on January 22, 2012, defendant Stroud prepared an ordinance violation complaint against plaintiff. Defendants deny the remaining allegations contained in this paragraph.**

10. Stroud maliciously filed the ordinance violation charge; this charge was resolved in plaintiff's favor within one year preceding the filing of this lawsuit.

**ANSWER: Defendant admits the ordinance violation charge was resolved in plaintiff's favor on appeal within one year preceding the filing of this lawsuit. Defendants deny the remaining allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Qualified Immunity)

1. On January 22, 2012, Defendant Stroud was employed as a police officer for the Village of University Park and was acting within the course and scope of that employment at all relevant times.

2. As a police officer, Defendant Stroud performs discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Stroud could have believed his actions against plaintiff to be lawful, in light of clearly established law and the information that Defendant Stroud possessed. In other words, Defendant Stroud did not knowingly violate clearly established

constitutional rights of which a reasonable person would have known. Defendant Stroud, therefore, is entitled to qualified immunity as a matter of law on plaintiff's claims.

## Second Affirmative Defense
## (745 ILCS 10/2-202)

1. On January 22, 2012, Defendant Stroud was employed as a police officer for the Village of University Park and was acting within the course and scope of that employment at all relevant times.

2. Therefore, under the Illinois Tort Immunity Act, Defendant Stroud is not liable for plaintiff's claims under Illinois law because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.

## Third Affirmative Defense
## (745 ILCS 10/2-109)

Defendant Village of University Park cannot be held liable if defendant Stroud is not liable because, under the Illinois Tort Immunity Act, a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

## JURY DEMAND

Defendants request a jury trial in this case.

WHEREFORE, defendants, Village of University Park and Darrell Stroud deny that they are liable to plaintiff and pray that plaintiff's complaint be dismissed with costs against plaintiff.

                        **VILLAGE OF UNIVERSITY PARK and DARRELL STROUD**

                By: *s/Bhairav Radia*
                     One of their attorneys

Elisha S. Rosenblum, #6225957
Bhairav Radia, #6293600
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: bradia@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELI R. STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-9950 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF UNIVERSITY PARK, | ) | Judge Samuel Der-Yeghiayan |
| ILLINOIS and UNIVERSITY PARK | ) | |
| POLICE OFFICER D. STROUD, | ) | Magistrate Judge Finnegan |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2013, I electronically filed ***Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

| | |
|---|---|
| Alison Zamora | Kenneth N. Flaxman |
| azamora@kenlaw.com | knf@kenlaw.com |

**VILLAGE OF UNIVERSITY PARK and DARRELL STROUD**

By: *s/Bhairav Radia*
Bhairav Radia, #6293600
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: bradia@okgc.com